David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel: 631.287.5520
email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel: 323-790-4881
email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>- v. -<br><br>NEXTBOAT INC. (*f/k/a* OFF THE HOOK YS INC.),<br><br>Nominal Defendant,<br><br>- and -<br><br>BRIAN JOHN,<br><br>Defendant. | 26-cv-7537<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 3, which Plaintiff alleges on personal knowledge:

**JURISDICTION and VENUE:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. §78aa.

2. At all times relevant the common stock of Nominal Defendant NEXTBOAT INC. *f/ka/* OFF THE HOOK YS INC. ("NEXTBOAT") was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*, and traded on the NYSE, a national securities exchange located within this District. One or both of the trades identified herein were made on that Exchange.

**THE PARTIES:**

3. Plaintiff is a security owner of NEXTBOAT INC. ("NEXTBOAT"), a Nevada corporation with principal offices at 1701 Jel Wade Drive, Wilmington, NC 28401.

4. This action is brought in the right and for the benefit of NEXTBOAT which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5. At all times relevant, Defendant BRIAN JOHN ("JOHN") was and is a director and chief executive officer of NEXTBOAT.

6. JOHN has an office or may be found c/o NEXTBOAT at its offices listed above.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

8. Demand for prosecution was made on July 29, 2026, by e-mail and first-class mail. There has been no response received from NEXTBOAT and more than 60 days have expired. Further delay in instituting suit would be a futile gesture.

9. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by Section 16(a), 15 U.S.C. §78p(a), setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

**FIRST CLAIM FOR RELIEF:**

10. JOHN, by and through his owned and controlled entity BK Investments LLC, purchased and sold the following shares of NEXTBOAT Common Stock within a period of less than six months:

| Date | Transaction | No. of Shares | Price/Share |
|---|---|---|---|
| March 31, 2026 | Purchase | 53,350 | $2.059 |
| May 15, 2026 | Sale | 120,000 | $2.41 |

11. On March 31, 2026, within less than six months of the sales aforesaid, JOHN purchased 53,350 shares of the common stock of NEXTBOAT.

12. JOHN, through BK Investments, realized short-swing profits in amounts presently unknown to the Plaintiff but estimated to exceed $18,725. These profits belong to NEXTBOAT and strictly required to be disgorged by JOHN (and/or BK Investments), and are recoverable by Plaintiff from JOHN on behalf and for the benefit of NEXTBOAT in this action.

**SECOND CLAIM FOR RELIEF:**

13. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

14. JOHN, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of NEXTBOAT within periods of less than six months of each other

while director and chief executive officer of NEXTBOAT, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

15. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of NEXTBOAT, JOHN realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, NEXTBOAT.

**WHEREFORE**, Plaintiff demands judgment:

**a.** Requiring JOHN to account for and to pay over to NEXTBOAT all short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

**b.** Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants, and expert witness fees; and

**c.** Granting Plaintiff such other relief as the Court may deem just and proper.

*/s/ David Lopez*
David Lopez, Esq. (DL-6779)
*Attorney for Plaintiff*